Filed 8/6/26  Ball v. De Leon CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LANGSTON BALL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HEIDI SUE DE LEON,<br><br>    Defendant and Respondent. | B348746<br><br>(Los Angeles County<br>Super. Ct. No. 24NWCV01500) |

APPEAL from an order of the Superior Court of Los Angeles County, Margaret Miller Bernal, Judge.  Affirmed.

Langston Ball, in pro. per., for Plaintiff and Appellant.

Heidi Sue De Leon, in pro. per., for Defendant and Respondent.

Plaintiff and appellant Langston Ball challenges the trial court's order granting an anti-SLAPP motion to strike his complaint (Code Civ. Proc., § 425.16)[1] filed by defendant and respondent Heidi Sue De Leon.  Plaintiff limits his argument to step one of the anti-SLAPP analysis, i.e., the requirement that defendant establish the allegations in the complaint arise from protected conduct.  In this regard, he claims the trial court erroneously (1) "expanded. . . the litigation privilege" by "treating all alleged conduct as protected activity without distinguishing between communicative and non-communicative acts," and (2) determined the lawsuit arose from prefiling protected activity.  The appellate record does not include all material evidence and arguments presented to the trial court and, for that reason, it is fatal to plaintiff's contentions.  We affirm the trial court's order.

## BACKGROUND

On May 14, 2024, plaintiff filed a complaint alleging causes of action for malicious prosecution, abuse of process, libel, slander, intentional infliction of emotional distress (IIED), and constructive fraud.  Defendant's anti-SLAPP motion was filed on November 7, 2024.  On February 5, 2025, plaintiff filed a first amended complaint.

The trial court heard argument on the anti-SLAPP motion on April 15, 2025, and took the matter under submission that same day.  On April 18, 2025, the trial court issued an order granting defendant's request for judicial notice and her related

---

[1] Further statutory references are to the Code of Civil Procedure.  "'SLAPP' is an acronym for 'strategic lawsuit against public participation.' [Citation.]" (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381, fn. 1.)

anti-SLAPP motion.[2]  Based on our review of the trial court's order, defendant requested the court take judicial notice of information from previous family law proceedings concerning:  (1) a temporary restraining order obtained by defendant; (2) competing requests for domestic violence restraining orders filed by plaintiff and defendant as well as a related stipulation; (3) defendant's petition to establish a parental relationship; and (4) one or more documents defendant filed with the Department of Child Support Services seeking child support.  The trial court summarized step one of the order granting the anti-SLAPP motion in the following way:  "The court has reread the parties' briefs and [d]efendant's [r]equests for [j]udicial [n]otice, and the court finds that the allegations on which the [c]omplaint is based upon are indeed related to the parties' domestic violence restraining order proceedings and related family law proceedings. Because the allegations of [d]efendant's statements and conduct were also the subject of those proceedings, they are covered by the litigation privilege."

On April 28, 2025, defendant filed a second anti-SLAPP motion, this time targeting the first amended complaint. Plaintiff filed an opposition on June 2, 2025 that included several exhibits.  The record sheds no light on the outcome of this motion and, given the trial court's prior order denying plaintiff's request

---

[2]     The trial court prohibited plaintiff from amending the complaint and elected to "assess the [m]otion as to the original [c]omplaint."  It noted that "a plaintiff may not amend a complaint before a hearing on an anti-SLAPP [m]otion,"citing *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1280.  Plaintiff does not challenge that ruling.

3

to file a first amended complaint, defendant's motivation for pursuing a second anti-SLAPP motion is not clear.

## DISCUSSION

### I. *The Anti-SLAPP Legislation*

"The anti-SLAPP statute is "designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern. [Citations.] To that end, the statute authorizes a special motion to strike a claim "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)' [Citation.]" (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1008–1009 (*Bonni*).)

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni, supra*, 11 Cal.5th at p. 1009.)

With respect to the first step, one form of protected activity is "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body." (§ 425.16, subd. (e)(2).) "The protection is not limited to statements made after the commencement of a legal or other official proceeding. [Citation.]" (*Bassi v. Bassi* (2024) 101 Cal.App.5th 1080, 1096.) Rather, it

4

"includes communications made in anticipation of litigation. [Citations.]" (*Ibid.*)

"We review de novo the grant or denial of an anti-SLAPP motion.  [Citation.]  We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)

## II.  *The Procedural Bar*

"[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the [order or] judgment.  [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  "In the absence of an adequate record, the [challenged order or] judgment is presumed correct." (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507.)  The record designated by plaintiff suffers from several material deficiencies:

1. Although defendant's April 28, 2025 anti-SLAPP motion filed as to the first amended complaint is included in the record, the motion subject to our review—the motion challenging the original complaint—is not.  Similarly, plaintiff's opposition to the second anti-SLAPP motion is part of the appellate record, but the opposition filed and considered by the trial court is absent from the record.

2. Defendant's successful motion for judicial notice included a collection of documents relied on by the trial court in making its ruling, but the motion is not part of the appellate record.

3. The trial court considered the oral arguments of the parties, but the transcript of the hearing is not part of the

5

record on appeal as plaintiff elected to prosecute the appeal without a record of the oral proceedings.

In order to effectively conduct a de novo review of an order granting or denying an anti-SLAPP motion, we are required to examine all material evidence and arguments considered by the trial court. (*Moten v. Transworld Systems Inc.* (2023) 98 Cal.App.5th 691, 702 [de novo review of ruling on anti-SLAPP motion requires the appellate court to ""'independent[ly] review . . . the entire record"'" before the trial court ].) Due to the deficient record, the issues raised by plaintiff must be resolved against him.[3] (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–

---

[3] Plaintiff's June 2, 2025 opposition to defendant's motion to strike the first amended complaint included, as exhibits, what appears to be documents related to defendant's November 2022 request for a restraining order. This opposition was not before the trial court when it issued its April 18, 2025 order granting defendant's anti-SLAPP motion. Nonetheless, because the trial court referenced prior "domestic violence restraining order proceedings" in support of its ruling, the parallels between the request for a restraining order attached as plaintiff's exhibit and the complaint are worth mentioning.

The request for a restraining order stemmed from allegations that plaintiff (1) used sexually explicit and derogatory language when referring to defendant, (2) participated in pornography, (3) engaged in violent behavior, (4) "purchas[ed] sex," (5) cheated on defendant and infected her with a sexually transmitted disease, and (6) threatened to make her life a "living hell."

The allegations in the complaint of malicious prosecution, abuse of process, and IIED are grounded in the claim that the request for a restraining order was improper, malicious, and/or based on perjury. These allegations arose out of the request for the restraining order such that the related conduct is protected

6

1296; *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 873–874; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

by the litigation privilege. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734–735. [malicious prosecution]; *S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 41–42 [abuse of process], 43 [IIED].) Similarly, the actions for slander and libel stem from defendant's statements to third parties regarding plaintiff's sexual activity and the possibility that he gave her a sexually transmitted disease. Such statements are also associated with the request for a restraining order and are covered by litigation privilege. (*Cocoa AJ Holdings, LLC v. Schneider* (2025) 115 Cal.App.5th 980, 997 [alleged defamatory statements are protected by the litigation privilege if "connected with, or [have] some logical relation to," an anticipated litigation]; *Summerfield v. Randolph* (2011) 201 Cal.App.4th 127, 136 [statements to non-parties may be covered by the litigation privilege].) Thus, to the extent the trial court relied on the November 2022 restraining order in granting the anti-SLAPP motion on these causes of action, it correctly did so.

## DISPOSITION

The April 18, 2025 order granting defendant's anti-SLAPP motion is affirmed.  Defendant is entitled to her costs on appeal.
<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


KUMAR, J.*

We concur:


HOFFSTADT, P. J.


KIM (D.), J.

---

*        Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.